IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRESENIUS MEDICAL CARE
HOLDINGS, INC., et al.,

        Plaintiffs,

vs.                              CASE NO: 4:03cv411-SPM/AK

JOHN O. AGWUNOBI, M.D., M.B.A.,
in his official capacity as Secretary of
the Florida Department of Health; et al.,

        Defendants.
_____/

## ORDER LIFTING STAY

This cause comes before the Court upon Plaintiffs' Motion for Issuance of Scheduling Order (doc. 28) and Defendants' Response and Motion for Stay of Proceedings (doc. 29).

Plaintiffs are foreign corporations providing renal dialysis services in Florida, either directly or through separate subsidiary corporate entities. They are challenging provisions of Section 456.053, Florida Statutes ("the Florida referral statute"), which regulates physician referrals of patients. The provision of the Florida referral statute at issue makes it unlawful for a physician to refer a patient to clinical laboratory services at an entity in which the physician has

ownership or owns stock or debt securities. § 456.053(5)(a), Fla. Stat.  Although the Florida referral statute previously exempted renal dialysis from the scope of unlawful referrals, in 2002 the statute was amended to take out the exemption. Ch. 02-389, § 14, Laws of Fla.

A physician who violates the Florida referral statute is subject to disciplinary action by the medical board. § 456.053(5)(f), Fla. Stat.  The Florida referral statute also provides a civil penalty of up to $15,000 for each violation if a person who knows, or has reason to know, that a referral is unlawful presents a bill or claim for payment of such service.  § 456.053(5)(e), Fla. Stat.

Plaintiffs filed this action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 against the state officials responsible for enforcement of the Florida referral statute.  In Count One, Plaintiffs contend that the Florida referral statute is preempted by Section 1877 of the Social Security Act, commonly referred to as the Physicians Self Referral Law or the "Stark" law, codified at 42 U.S.C. § 1395nn.  In Count Two, Plaintiffs contend that the Florida referral statute violates the commerce clause because it disproportionately affects foreign corporations, who provide integrated renal care, and excludes other entities, mostly domestic corporations, that provide both renal dialysis and laboratory services.  In Count Three, Plaintiffs contend that the Florida referral statute violates substantive due process standards because the statute is arbitrary and capricious and bears no rational relationship to the public health, safety, morals, or general welfare.

Soon after Plaintiffs filed this action, a stay was issued on motion by Defendants, pending resolution of a related case filed by Plaintiffs in state court. Plaintiffs did not oppose the stay and recognized that its federal claims may become moot if the state court ruled in Plaintiffs' favor by finding that the Florida referral statute did not apply to Plaintiffs' operation.  Doc. 10 at ¶ 3.

In their state court case, Plaintiffs originally included the federal claims at issue in this case as well as claims based on state law.  They subsequently amended their state court complaint to delete all federal claims so that the federal claims could be filed in federal court.  The fact that Plaintiffs had pending state claims, without more, " is no to bar proceedings concerning the same matter in Federal court having jurisdiction "  Exxon Mobile Corp. v. Saudi Basic Indus. Group, 544 U.S. 280, 292 (2005) (quoting McClellan v. Carland, 217 U.S. 268, 262 (1910).  Plaintiffs state claims proceeded in state court until Plaintiffs voluntarily dismissed those claims on May 13, 2005.  With the dismissal of Plaintiffs' state court case, there is no basis for continuing the stay of Plaintiffs' federal claims.

The United States Supreme Court has recognized four varieties of abstention that may cause a federal court to suspend a case or decline jurisdiction.  Under Younger abstention[1], a federal court will abstain from exercising jurisdiction when there is a pending state proceeding that is capable of

---

[1] Younger v. Harris, 402 U.S. 37 (1971).

hearing the federal issue presented and the exercise of federal jurisdiction would unduly interfere with the state proceeding. Under Burford abstention[2], a federal court must dismiss an action involving difficult questions of state law where federal intervention might disrupt state efforts to formulate a coherent policy in an area of particular local concern. Under Pullman abstention[3], a federal court has discretion to decline jurisdiction over a case involving federal constitutional issues and unsettled questions of state law when the resolution of the state law questions will moot the constitutional issues or materially alter the issues. Finally, under Colorado River abstention[4], federal court may stay an action pending before it when there is a concurrent separate action pending in state court that raises the same or substantially the same issues.

In seeking an extension of the stay, Defendants rely on the Younger abstention principle. They argue that proceeding with this case would detract from the existing litigation in state court. However, with the dismissal of Plaintiffs' state case these concerns are no longer implicated. Although Younger abstention may be justified even when a state case is no longer pending, the application is limited to circumstances where the federal litigation would annul the results of the state case. Wooley v. Maynard, 430 U.S. 705, 711 (1977). No

---

[2] Burford v. Sun Oil Co., 319 U.S. 315, (1943).

[3] RR Comm'n of Texas v. Pullman, 312 U.S. 469 (1941)

[4] Colorado River Water Conserv. District v. United States, 424 U.S. 800 (1976).

such concerns are implicated here because the state case did not proceed to disposition.

Defendants also rely on Burford abstention as a justification for extending the stay. They argue that the scope of permissible patient referrals is an issue of state law, bearing on policy matters of substantial importance to the administration of Florida's Medicaid and publically funded health care programs, which the state court should be given an opportunity to decide. Aside from the state court case, which has been dismissed, Defendants do not identify any pending state proceedings concerning the Florida referral statute. Abstention under Burford would be justified if proceeding with this litigation "would disrupt a state's effort, through administrative agencies, to achieve uniformity and consistency in addressing a problem." Siegel v. Lepore, 234 F.3d 1163, 1173 (11th Cir. 2000). Those concerns are not sufficiently implicated in this case so as to justify abstention under Burford.

The two remaining abstention doctrines were not specifically advanced by Defendants to support a stay[5], and warrant only brief discussion. Pullman abstention is proper when the case presents an unsettled question of state law that will either moot the federal constitutional issues or materially alter the issues. Pittman v. Cole, 267 F.3d 1269, 1286 (11th Cir. 2001). Abstention only

---

[5] The possibility of abstention under Pullman was raised by the Court and the parties were given the opportunity to address the issue. See docs. 32, 34, and 35.

postpones adjudication of federal constitutional issues until the state matters affecting the constitutional issues are decided. Id. at 287.  It is not appropriate to abstain simply "to avoid the task of deciding federal constitutional issues in a case." Id.

In this case, Pullman abstention is not appropriate because no party is pursuing a question of state law that would moot or alter the federal constitutional issues.  While Plaintiffs raised state law questions in their state court case, they have since dismissed that case.  Had Plaintiffs state court case not been dismissed, it would have been a factor weighing in favor of abstention.  See Duke v. Jaimes, 713 F.2d 1506, 1510 (11th Cir. 1983) ("Factors which might favor abstention include . . . the existence of a pending state court action that may resolve the issue . . . .").   Because, however, the case has been dismissed, it is not a factor weighing in favor of Pullman abstention.  Likewise, Colorado River abstention is not appropriate because there is no concurrent separate action pending in state court that raises the same or substantially the same issues as Plaintiffs' federal case.

Based on the foregoing, the Court finds that abstention is not appropriate. The stay should be lifted and a scheduling order issued.  Accordingly, it is

ORDERED AND ADJUDGED:

1. Plaintiffs' Motion for Issuance of Scheduling Order (doc. 28) is granted.

2. Defendants' Motion for Stay of Proceedings (doc. 29) is denied.

3.   An initial scheduling order will be issued.

DONE AND ORDERED this 5th day of July, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge